UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY E. WHITE,<br><br>             Plaintiff,<br><br>v.<br><br>CHIEF JUSTICE STUART RABNER,<br><br>             Defendant. | No. 08-cv-6106 (PGS)<br><br>**ORDER** |

      This matter comes before the Court on pro-se Plaintiff, Mary E. White's, Complaint against Defendant, Chief Justice Stuart Rabner of the Supreme Court of New Jersey, and Plaintiff's application to proceed <u>in forma pauperis</u> ("IFP"). This Court has reviewed the papers.

      WHEREAS Plaintiff qualifies for IFP status under 28 U.S.C. § 1915; and

      WHEREAS Plaintiff sets forth numerous grievances relating to the following actions before New Jersey State courts: Nos. 61,773, 62, 645, 62,674, 62,675, 63,624, A-4287-04, A-1766-05, A-6503-05; and

      WHEREAS Plaintiff's grievances include, but are not limited to, the State court's alleged denial of attorney's fees for work she did on an at-risk child custody dispute, denial of a motion for time extension, withholding of transcripts, denial of a motion for transcripts and other relief, obstruction of access to justice, and denial of a motion for assignment change; and

      WHEREAS Plaintiff asks that this Court: (1) uphold her Constitutional rights, including but not limited to a fair hearing in an unbiased court; (2) make available to her at no cost, due to

reason of poverty, the transcripts and representation needed for equal access to justice; (3) recuse Justice Rabner from presiding over any of her hearings; and (4) conduct a review based on six complaints filed against Justice Rabner in 2008; and

WHEREAS this Court has reviewed the decision of the Honorable Katharine Hayden, who considered and denied a similar complaint filed by Plaintiff in 08-cv-2300 (See "Opinion and Order" at Docket Entry No. 2), and

WHEREAS this Court agrees with Judge Hayden's findings and makes substantial use of her Opinion and Order in its own Order; and

WHEREAS pursuant to 28 U.S.C. § 1257, the U.S. Supreme Court has exclusive jurisdiction over appeals from the state's highest court; and

WHEREAS pursuant to the Rooker-Feldman doctrine, "[28 U.S.C.] Section 1257 is interpreted to prohibit lower federal courts from directly reviewing judicial decisions reached by the highest state courts" (Moore's Federal Practice § 406.02 (Matthew Bender 3d ed.); see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923)); and

WHEREAS "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself" (Bradley v. Fisher, 80 U.S. 335, 347 (1871)); and

WHEREAS U.S. Supreme Court precedent is clear that judges enjoy immunity from civil rights claims, such as those brought by Plaintiff (Stump v. Sparkman, 435 U.S. 349, 356 (1978)); and

WHEREAS Plaintiff makes reference to certain pending state court proceedings, and U.S. Supreme Court precedent is clear that federal courts must abstain from interfering with ongoing state proceedings except in extremely limited circumstances, none of which are present here (Pennzoil Co. V. Texaco, Inc., 481 U.S. 1, 11 (1987)); and

WHEREAS 28 U.S.C. § 1915(e)(2)(B)(iii) requires this Court to dismiss a case at any time if it determines that the action seeks monetary relief against a defendant who is immune from such relief.

Based on the following, and good cause having been shown, it is hereby

ORDERED that Plaintiff is granted IFP status, and the Clerk shall file Plaintiff's Complaint; and it is further

ORDERED that Plaintiff's Complaint is dismissed, and the Clerk shall close this case.

6/18/09

PETER G. SHERIDAN, U.S.D.J.